UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
OHIO LEARNING CENTERS, LLC, *et al.*, :
: CASE NO. 1:10-CV-1062
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 7]
SYLVAN LEARNING, INC., *et al.*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case in which a franchisee sues the franchisor for fraudulent inducement and breach of contract, Defendants Sylvan Learning, Inc. and Sylvan Learning Centers, LLC (collectively "Sylvan" or "Defendants") move the Court to dismiss the this case under Federal Rule of Civil Procedure 12(b)(6), or alternatively, to transfer the case to the United States District Court for the District of Maryland. [Doc. 7.] The Defendants move to dismiss, or alternatively to transfer, based upon a forum-selection clause contained in the contract at issue. [Doc. 7-1 at 7-9, 15-20.] The Defendants alternatively move to dismiss each of the Plaintiffs' claims against them pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. [Doc. 7-1 at 9-15.]

For the reasons that follow, the Court **GRANTS** the Defendant's motion to transfer venue and **ORDERS** that this case be transferred to the District of Maryland pursuant to 28 U.S.C. § 1404(a).

Case No. 1:10-CV-1062
Gwin, J.

## I. Background

In this case, Plaintiffs Ohio Learning Centers, LLC ("OLC") and Janet Tomaskovich claim that the Defendants fraudulently induced them to buy, finance, and license a Sylvan Learning Center located in Westlake, Ohio. Plaintiff Tomaskovich is the principal and sole member of OLC. [Doc. 1-1 at 4.] Defendants Sylvan Learning, Inc., and Sylvan Learning Centers LLC are both Delaware business entities with their principal places of business in Baltimore, Maryland. [Doc. 1-1 at 4.] The Court enjoys diversity jurisdiction.

On June 26, 2007, the parties entered into both a License Agreement and an Asset Purchase Agreement whereby OLC purchased certain assets from Sylvan and Sylvan granted OLC a license to operate a Sylvan Learning Center in Westlake, Ohio. [Doc. 1-1 at 4, 11-42, 49-62.] The Asset Purchase Price was $142,000 and the Licensing Fee was $48,000, resulting in the Plaintiff owing the Defendants a total amount of $190,000 in the transaction. [Doc. 1-1 at 44, 50.] The Plaintiffs paid $30,000 in cash and executed primary and subordinated promissory notes to Defendant Sylvan Learning, Inc. in the amounts of $22,000 and $138,000, respectively. [Doc. 1-1 at 80-94.] Plaintiff Tomaskovich personally guaranteed the promissory notes. [Doc. 1-1 at 99.] In July 2008, the parties amended the Promissory Notes to extend the payment schedule. [Doc. 1-1 at 100-06.]

The Plaintiffs say that they quickly spent all of their available capital on operational expenses and became unable to pay the promissory notes. [Doc. 1-1 at 5-6.] On March 25, 2010, the Defendants sent the Plaintiffs two Notices of Default indicating that the Plaintiffs were in breach of the Licensing Agreement due to their failure to make installment payments dating from October 15, 2008. [Doc. 1-1 at 107-10.] In the letters, the Defendants indicated that if the Plaintiffs did not pay the balance due by April 16, 2010, they would terminate the License Agreement, effective April 17,

Case No. 1:10-CV-1062
Gwin, J.

2010. [*Id.*]

On April 16, 2010, the Plaintiffs sued the Defendants in the Cuyahoga County Court of Common Pleas. [Doc. 1-1 at 1.] The Plaintiffs bring claims for fraudulent inducement, breach of contract, breach of the covenant of good faith and fair dealing, and breach of the fiduciary duty between franchisor and franchisee. [Doc. 1-1 at 4-7.] The Plaintiffs claim that the Defendants misrepresented or concealed financial information about the Westlake center, knowing that the Plaintiffs would not be able to afford to pay the promissory note payments and operating expenses. They further allege that the Defendants have not enforced a territorial non-infringement provision in the License Agreement. [Doc. 1-1 at 6.] The Plaintiffs seek money damages and also move for a temporary restraining order and preliminary injunction to prevent the Defendants from terminating the License Agreement. [Doc. 1-1 at 11, 111-17.]

On May 11, 2010, the Defendants removed the case to this Court on the basis of diversity of citizenship. [Doc. 1.] On May 18, 2010, the Defendants moved the Court to dismiss the Complaint, or in the alternative to transfer venue to the District of Maryland. [Doc. 7.] In support of their motion, the Defendants say that the License Agreement contains an enforceable forum selection clause that requires the Plaintiffs to bring this suit in Maryland. [Doc. 7-1 at 7.] The License Agreement provides in relevant part:

> 19. Jurisdiction and Venue
>
> THE PARTIES AGREE THAT THIS AGREEMENT SHALL BE INTERPRETED AND ENFORCED ACCORDING TO THE LAWS OF THE STATE OF MARYLAND, EXCEPT AS TO THOSE PROVISIONS OF THIS AGREEMENT THAT MAY NOT BE ENFORCEABLE UNDER THE LAWS OF SAID STATE; IN WHICH EVENT, THAT PROVISION(S) SHALL BE INTERPRETED AND ENFORCED ACCORDING TO THE LAWS OF THE STATE IN WHICH THE TERRITORY DESCRIBED HEREIN ON EXHIBIT A LIES. IN THE EVENT

Case No. 1:10-CV-1062
Gwin, J.

> EITHER PARTY INITIATES ANY LITIGATION OR LAWSUIT UNDER THIS AGREEMENT, OR RELATING IN ANY WAY TO THE RELATIONSHIP OF THE PARTIES AS FRANCHISOR AND FRANCHISEE, THAT PARTY AGREES THAT VENUE PROPERLY LIES IN THE COURTS OF THE STATE WHERE THE OTHER PARTY THEN HAS ITS PRINCIPAL PLACE OF BUSINESS (PRESENTLY BALTIMORE CITY, MARYLAND IN THE CASE WHERE SYLVAN IS DEFENDANT) OR THE TERRITORY IS LOCATED (IN THE CASE WHERE LICENSEE IS DEFENDANT), AND WILL FILE SUCH LITIGATION OR LAWSUIT ONLY IN SUCH COURT.

[Doc. 1-1 at 38 (capitalization in original).][1/] The Defendants say the forum selection clause is binding, enforceable, and applicable to this case. They move the Court to dismiss this case because of the forum selection clause under Federal Rule of Civil Procedure 12(b)(6), or alternatively, to

---

[1/]The Asset Purchase Agreement and Promissory Notes also contain forum selection clauses, which do not conflict with the clause contained in the License Agreement.

The Asset Purchase Agreement provides:
> 19.3 Governing Law
> From the Effective Date of this Agreement until the Closing Date, this agreement shall be governed by and construed in accordance with the internal laws of Ohio, without giving effect to conflicts of laws rules, and the place of performance of this agreement shall be Ohio. From the Closing Date forward, this Agreement shall be interpreted and enforced according to the laws of the State of Maryland, except as to those provisions of this Agreement that my not be enforceable under the laws of said state; in which event, that provision(s) shall be interpreted and enforced according to the laws of the State of Ohio. In the event either party initiates any litigation or lawsuit under this Agreement, that party agrees that venue properly lies in the courts of the state where the other party then has its principal place of business, and will file such litigation or lawsuit only in such court.

[Doc. 1-1 at 61.]

The Promissory Notes each provide:
> 11. Jurisdiction and Venue
> This Note and the rights and obligations of the parties hereunder shall be construed and interpreted in accordance with the laws of the State of Ohio (excluding the laws applicable to conflicts of choice of law). MAKER AGREES THAT, SUBJECT TO THE FOREGOING JURY TRIAL WAIVER, ANY SUIT FOR THE ENFORCEMENT OF THIS NOTE OR ANY OF THE OTHER DOCUMENTS RELATING THERETO, INCLUDING THE ASSET PURCHASE AGREEMENT, MAY BE BROUGHT IN THE COURTS OF THE STATE OF OHIO OR ANY FEDERAL COURT SITTING THEREIN AND CONSENTS TO THE NONEXCLUSIVE JURISDICTION OF SUCH COURT. MAKER HEREBY WAIVES ANY OBJECTION THAT IT MAY NOW OR HEREINAFTER HAVE TO THE VENUE OF ANY SUCH SUIT OR ANY SUCH COURT OR THAT SUCH SUIT IS BROUGHT IN AN INCONVENIENT FORUM.

[Doc. 1-1 at 84, 93 (capitalization in original).]

Case No. 1:10-CV-1062
Gwin, J.

transfer venue pursuant to 28 U.S.C. § 1404(a). [Doc. 7-1 at 7-9, 15-20.] The Defendants also argue that the Court should dismiss each of the Plaintiff's claims under Rule 12(b)(6) because the Plaintiffs' Complaint fails to state a claim for breach of contract, fraudulent inducement, breach of the covenant of good faith and fair dealing, or breach of fiduciary duty. [Doc. 7-1 at 9-14.]

On June 21, 2010, the Plaintiffs moved for an extension of time to file their response to the Defendants' motion. [Doc. 17.] Despite the Court's granting of an extension to file such a response until June 30, 2010 [Doc. 19], the Plaintiffs have still not filed their opposition brief. Accordingly, as two weeks have passed since this deadline, the Court now considers the motion ripe and ready for decision.

## II. Legal Standards & Analysis

*A. 12(b)(6) Motion to Dismiss Based on Forum Selection Clause*

The Defendants first move this Court to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) based upon a forum selection clause contained in the licensing agreement. However, this court has recently held that Rule 12(b)(6) is not the proper procedural mechanism for enforcing a forum selection clause. *American Greetings, Corp. v. Cookie Jar Entertainment, Inc.*, No. 1:09-cv-1056, 2009 WL 3713686 (N.D. Ohio Nov. 3, 2009) (Gwin, J.). *But see C. Thorrez Indus., Inc. v. LuK Transmission Sys., LLC*, No. 5:09-cv-1986, 2010 WL 1434326 (N.D. Ohio April 8, 2010) (Lioi, J.) (holding that Rule 12(b)(6) is proper mechanism for enforcing forum selection clause and granting motion to dismiss). In *American Greetings*, this Court explained:

> Although the Defendants cite *Langley v. Prudential Mortgage Capital, Co., LLC*, 546 F.3d 365, 369-71 (6th Cir. 2008) (Moore, J., concurring), for the proposition that this Court may enforce the forum selection clause through Rule 12(b)(6), the Sixth Circuit has not actually decided the issue. *See Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 371 n.2 (6th Cir. 1999) (noting outstanding debate among circuits

Case No. 1:10-CV-1062
Gwin, J.

whether dismissal pursuant to Rule 12(b)(1), (b)(3), or (b)(6) is most appropriate). In fact, although the court in *Security Watch* upheld the dismissal pursuant to "Rule 12(b)" generally, it provided no analysis as to why this Rule governed, nor could it, as explained below.

A party bringing a Rule 12(b)(6) motion asserts that the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Essentially, Rule 12(b)(6) allows the defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Stated another way, "[t]he purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, . . . ." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

In contrast, § 1404(a) focuses not on the merits of the claim, but on the proper venue for the dispute. Section 1404(a) empowers courts to weigh competing interests and ultimately decide whether a lawsuit properly brought in one district should nevertheless be tried in another. Rather than look to the well-pleaded complaint, courts examine other evidence of convenience, public interest, and even the ends of justice. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) ("Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at a place called for in the particular case by considerations of convenience and justice.").

When asking the Court to enforce a forum selection clause, the defendant invokes the concerns and purposes of § 1404(a), not Rule 12(b)(6). In seeking to enforce such a clause, the defendant does not say that the Plaintiff could prove no set of facts that could support a verdict. Moreover, the defendant does not argue lack of jurisdiction or improper venue.<sup>FN2</sup> Instead, the defendant merely says that the plaintiff's claims, whatever their merit, belong elsewhere. This contention aligns squarely with the purposes of § 1404, not Rule 12(b)(6).

> FN2. In fact, when jurisdiction and venue are otherwise proper, a defendant *cannot* bring a Rule 12(b)(1) or (b)(3) motion to enforce a forum selection clause. *See Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 534-35 (6th Cir. 2002).

In addition, the Supreme Court provided explicit direction for considering a forum selection clause in *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) (holding that § 1404(a) governed the district court's decision whether to give effect to the parties' forum selection clause). In contrast to the vague and largely conclusory assertions of the Sixth Circuit and other courts of appeals regarding using Rule 12(b)(6) for venue issues, *Stewart* presents both a well-reasoned foundation and thorough framework for reconciling a plaintiff's filing in one forum and her prior

Case No. 1:10-CV-1062
Gwin, J.

> agreement to file in another.
>
> Therefore, considering the guidance of the Supreme Court and the contrasting purposes of Rule 12(b)(6) and § 1404(a), this Court finds that § 1404(a) provides the appropriate vehicle for considering the forum selection clause in this case. *See Mind-Peace, Inc. v. Pharmacon Int'l, Inc.*, No. 206CV832, 2006 WL 2849811, at *2 (S.D. Ohio, Oct. 2, 2006) (concluding that dismissal to enforce a forum selection clause under Rule 12(b)(6) is not appropriate and instead focusing on whether to transfer venue).

*American Greetings*, 2009 WL 3713686, at *2-3. Accordingly, for the reasons stated in *American Greetings*, the Court will consider the enforceability of the forum selection clause under Section 1404(a), and denies the Defendant's 12(b)(6) motion to dismiss based on the forum selection clause.

*B. Motion to Transfer Venue under 28 U.S.C. § 1404(a)*

Section 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision whether to transfer a case under Section 1404 is within the district court's discretion. *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citing *Stewart*, 487 U.S. at 29). Rather than look to the well-pleaded complaint, courts examine other evidence of convenience, public interest, and even the ends of justice. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

In considering a motion to transfer venue based on § 1404(a), this Court "weigh[s] a number of case-specific factors such as the convenience of the parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading 'the interest of justice." *Kerobo*, 285 F.2d at 537 (citing *Stewart*, 487 U.S. at 31). Moreover, if applicable, the forum selection clause "should receive neither dispositive consideration . . . nor no consideration . . . ." *Id.* at 538.

-7-

Case No. 1:10-CV-1062
Gwin, J.

Because a forum selection clause exists in this case, this Court undertakes a three-step analysis in ruling on the motion to transfer venue. First, this Court determines whether the parties have entered into a valid forum selection clause that governs the instant dispute. Second, if the forum selection clause applies, this Court looks to whether it is nevertheless unenforceable for one of the reasons articulated by the Sixth Circuit in *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369 (6th Cir. 1999). Finally, this Court engages in the balancing test of § 1404(a), considering the forum selection clause as a factor only if the clause is valid and enforceable.

First, the Court concludes that the forum-selection clause applies to the Plaintiffs' claims. The forum selection clause at issue in this case provides that: "in the event either party initiates any litigation or lawsuit under this agreement, or relating in any way to the relationship of the parties as franchisor and franchisee, that party agrees that venue properly lies in the courts of the state where the other party then has its principal place of business." [Doc. 1-1 at 38.] The Plaintiffs apparently bring claims for breach of contract, fraudulent inducement, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. The Plaintiffs' apparent breach of contract claim is based upon the Defendants' alleged failure to enforce a territory infringement provision contained in the Licensing Agreement, and thus is "under the agreement." The forum selection clause also applies to a claim that a party was fraudulently induced to enter the contract. *See Schmidt v. Lowitz*, 2006 WL 2660637, at *3 (N.D. Ohio Sept. 15, 2006) (plaintiffs' claims alleging fraudulent representations sound in contract and are thus governed by forum selection clause); *see also Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993) ("[Plaintiff] argues, in effect, that he should be permitted to escape the consequences of the parties' forum selection merely by alleging tortious conduct relating to the *formation* (rather than the performance) of their contract. We cannot accept the invitation to reward

-8-

Case No. 1:10-CV-1062
Gwin, J.

attempts to evade enforcement of forum selection agreements through artful pleading of tort claims in the context of a contract dispute.") (internal quotations and citations omitted) (emphasis in original). Finally, the Plaintiff's remaining claims are related to the franchisor/franchisee relationship between the parties, which is explicitly covered by the forum selection clause.

Moreover, the forum clause is exclusive and mandatory as applied to the Plaintiffs' claims. The forum selection clause requires that if the franchisee initiates litigation, it "will file such litigation or lawsuit only . . . in the courts of the state where the other party then has its principal place of business (presently Baltimore City, Maryland in the case where Sylvan is Defendant)." [Doc. 1-1 at 38.] In *EGRSCO LLC v. Evans Garment Restoration, LLC*, 2:09CV358, 2009 WL 3259423, at *4 (S.D. Ohio Oct. 8, 2009), the Court found that a similar forum selection clause was mandatory and enforceable against the Plaintiff, and granted the Defendants' motion to transfer venue. The forum selection clause contained in the License Agreement also does not conflict with the forum selection clauses contained in any of the other contracts between the parties. [*See* Asset Purchase Agreement, Doc. 1-1 at 61 (providing that venue lies in the state where the party being sued has its primary place of business); Promissory Notes, Doc. 1-1 at 84, 93 (providing that Ohio state and federal courts are non-exclusive forum for *Defendant to sue Plaintiff* under the Promissory Notes).] The Court concludes that the License Agreement's forum selection clause governs this dispute.

Accordingly, the Court must next consider whether the forum selection clause is otherwise unenforceable. As a general matter, federal law governs the validity of a forum selection clause. *Kerobo*, 285 F.3d at 534. Moreover, courts presume that a forum selection clause is valid. *Stewart*, 487 U.S. at 29-30. In *Security Watch*, the Sixth Circuit described three situations in which a court

-9-

Case No. 1:10-CV-1062
Gwin, J.

might conclude that a forum-selection clause is unenforceable: "(1) [if] it was 'obtained by fraud, duress, the abuse of economic power or other unconscionable means,' (2) [if] the designated forum 'would be closed to the suit or would not handle it effectively or fairly,' or (3) [if] the designated forum 'would be so seriously an inconvenient forum that to require the plaintiff to bring suit there would be unjust.'" 176 F.3d at 375 (quoting Restatement (Second) of Conflicts of Laws § 80 cmt. c (1988)).

As they have not responded to the Defendants' motion, the Plaintiffs do not argue that the forum selection clause is unenforceable for any of these reasons. Reviewing the record before it, the Court finds no evidence that the forum selection clause is unenforceable because it was entered into based upon fraud or duress. See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14 (1974) ("[A] forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.") (emphasis in original). Moreover, the District Court for the District of Maryland, the court to which the Defendants seek transfer, is as able to hear the Plaintiffs' claims as is this Court. Finally, while trying this case in Maryland will necessarily create a burden for the Plaintiffs, it is not so "seriously inconvenient" that requiring the Plaintiffs to litigate there would be "unjust." Therefore, the Court finds that the forum clause contained in the License Agreement is valid and enforceable, and will proceed to examine whether transfer is in the interests of justice pursuant to Section 1404(a).

The presence of a valid forum selection clause is not dispositive, but is entitled to substantial consideration under the Court's § 1404(a) analysis. EGRSCO LLC v. Evans Garment Restoration, LLC,2:09CV358, 2009 WL 3259423, at *4 (S.D. Ohio Oct. 8, 2009) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995)). While courts normally show deference to a plaintiff's

-10-

Case No. 1:10-CV-1062
Gwin, J.

choice of forum, the existence of a valid forum selection clause shifts the burden on a motion to transfer venue to the plaintiff. *Id.*; *see also Braman v. Quizno's Franchise Co.*, No. 5:07CV2001, 2008 WL 611607, at*4-5 (N.D. Ohio, Feb. 20, 2008) (noting that presence of a forum selection clause negates presumption given to plaintiff's choice of forum and requires plaintiff to prove why enforcement and transfer is unreasonable under circumstances); *Travelers Prop. Cas. Co. of Am. v. Centimark Corp.*, No. 2:04CV0916, 2005 WL 1038842 (S.D. Ohio, May 3, 2005) (same). The Plaintiffs have failed to meet their burden to show why they should not be bound by the contractual choice of forum in this case.

The Court first considers the convenience of the parties and the witnesses. Plaintiff OLC is an Ohio limited liability company with its principal place of business in Westlake, Ohio. [Doc. 1-1 at 3.] Plaintiff Tomaskovich is an individual who resides in North Royalton, Ohio. [Doc. 1-1 at 3.] The Defendants are both Delaware business entities with their principal places of business in Baltimore, Maryland. [Doc. 1-1 at 4.] The Defendants have no employees or offices in Ohio. [Doc. 7-2 at 2.] The Defendants say that the witnesses with knowledge of the transaction and documents related to the transaction are located in Maryland. [Doc. 7-1 at 18.] Although the Plaintiffs do not make such an argument, their witnesses and evidence are likely to be located in Ohio. Accordingly, the convenience of the parties and witnesses does not strongly favor either venue.

Next, the Court considers the public interest and the interests of justice. Among the public interest factors the court should consider are concern for judicial economy, the court's familiarity with the governing law, the interest in resolving controversies locally, and the relative congestion of the courts. 15 Federal Practice and Procedure § 3847. Concerns of judicial economy neither favor nor disfavor transfer in this case. The second factor favors transfer in this case because the License

Case No. 1:10-CV-1062
Gwin, J.

Agreement contains a choice of law provision selecting Maryland law as the state law to apply in all disputes arising under the contract. [Doc. 1-1 at 38.] While the Defendants claim that the third factor favors transfer, the Court disagrees. This case arises out of the sale of assets and a license to operate a Sylvan Learning Center in Westlake, Ohio. While the Defendants' employees who entered into the agreement may be based out of Baltimore, Maryland, the Court finds that the dispute centers around the Westlake, Ohio facility. Accordingly, the Court finds that the public interest factors are also somewhat neutral with respect to the two venues.

Finally, the Court will consider the forum selection clause. Because, for the reasons stated above, the Court finds that the forum selection clause in the License Agreement is valid and enforceable, it is entitled to substantial consideration in the Section 1404(a) analysis and it is the Plaintiffs' burden to demonstrate why transfer is inappropriate. *EGRSCO*, 2009 WL 3259423, at * 7; *Braman*, 2008 WL 611607, at *5. The Plaintiffs have failed to meet their burden in this case. Accordingly, the Court grants the Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

*C. 12(b)(6) Motions to Dismiss for Failure to State a Claim*

Because the Court concludes that it should transfer this case pursuant to Section 1404(a), it declines to reach the Defendants' remaining arguments. The Defendants' motions to dismiss the Plaintiffs' claims individually for failure to state a claim upon which relief may be granted will be properly before the United States District Court for the District of Maryland.

### III. Conclusion

For the foregoing reasons, the Court **DENIES IN PART** the Defendants' motion to dismiss under Rule 12(b)(6) and **GRANTS** the Defendants' motion to transfer this case to the District of Maryland.

Case No. 1:10-CV-1062
Gwin, J.

    IT IS SO ORDERED.


Dated: July 14, 2010                      *s/      James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE